HUGO F. URBAUER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 7356.   Promulgated July 29, 1927.

A shrinkage in the value of 60,000 kronen deposited in a bank in Budapest, Hungary, between the date deposited in 1916 and October, 1920, when withdrawn, is not a deductible loss in the latter year.

*Dwight D. Currie, Esq.,* for the petitioner.
*J. E. Marshall, Esq.,* for the respondent.

The Commissioner determined a deficiency in income tax of $1,649.92 for the year 1920 and $25.24 for the year 1921.

Petitioner claims that the Commissioner erred in refusing to allow as a deductible loss for the year 1920 the sum of $13,728, representing the shrinkage in the value of a deposit held by petitioner in a bank in Budapest, Hungary, said deposit being made in 1916 and withdrawn in 1920, and being then of a value of only $132.

The 1921 deficiency is not questioned.

### FINDINGS OF FACT.

The petitioner is a resident of St. Louis, Mo., where he is engaged in the contracting and manufacturing business.

He had a sister, Mrs. Johanna Fuchs Urbauer, living in Hungary and married to George Fuchs. The husband died there in 1915. Prior to 1915, petitioner loaned his sister and her husband various amounts of money, later taking their joint notes for the same, secured by a mortgage on the property of his sister there. The notes so secured were dated May 3, 1911, the principal note being for $6,087, falling due in five years, and five interest notes for $304.35 each, falling due in one, two, three, four, and five years after date, respectively.

At the time of this loan, Hungary was on a gold basis, the loan representing in value about 40,000 Hungarian kronen, a kronen being then of about 21 cents value in American money. Austria-Hungary then existed.

At later dates, petitioner loaned other sums to his sister and brother-in-law aggregating $2,200, or 12,560 kronen in value.

After the death of her husband in 1915, petitioner's sister, out of insurance money on the life of her husband, repaid petitioner all the money loaned her and her husband, payment in full being made in March, 1916, in the sum of 66,620 kronen. On the 11th of March, 1916, 60,000 kronen of the amount were, by direction of the petitioner, placed to his credit in the W.ener Bank Verein at Budapest, subject to withdrawal by him after due notice, and to draw the highest rate of interest the bank would pay on his deposit, which was 3½ per cent. The interest on the same was to be paid monthly, to petitioner's sister, and 6,620 of the 66,620 kronen were deposited in the same bank for her benefit, 100 kronen of which were to be paid her monthly. Subsequent to the death of the husband of petitioner's sister, he made it a practice to give her money from time to time.

In January, 1920, petitioner was advised by letter from the bank, dated December 10, 1919, that it wished petitioner to dispose of his account on deposit, then amounting to 64,327 kronen, as the result of accrued interest. He was later advised that no further interest would be paid on the deposit and he thereupon directed the amount to be paid to his sister, which was done in October, 1920. Hungary was then a separate country.

On the date when the 64,327 kronen were paid or credited by the bank to his sister, they were of the value in American money of $132.

## OPINION.

LITTLETON: The evidence shows that the debt which petitioner's sister and her husband owed him, was fully repaid in 1916 in the sum of 66,620 kronen. Of said amount, 60,000 kronen were deposited to petitioner's account in the Wiener Bank Verein at Budapest, and on the date when withdrawn in October, 1920, there were by accrual of interest 64,327 kronen, which had a value of $132 in American money.

If the deposit be considered as a debt from the bank to the petitioner, he is not entitled to deduct the amount of $13,728 as a bad debt in computing his net income for the year 1920 for the reason that said debt was not found to be worthless and charged off by the petitioner during the taxable year, and under the provisions of section 214 of the Revenue Act of 1918 a debt may not be deducted in part.

The petitioner insists however if $13,728 is not deductible as a bad debt he is entitled to deduct the same as a loss sustained in 1920.

The claimed loss is based upon the shrinkage in value of the kronen between the date deposited in the bank in Budapest in 1916

and October, 1920, when withdrawn. The shrinkage in value of property does not constitute a deductible loss under the statute. *Theodore Tiedemann & Sons, Inc.*, 1 B. T. A. 1077; *E. O. Walgren*, 4 B. T. A. 1066; *W. P. Davis*, 6 B. T. A. 1267; *Corn Exchange Bank*, 6 B. T. A. 158; *New York Life Insurance Co.* v. *Edwards*, 271 U. S. 109.

Reviewed by the Board.

*Judgment will be entered for the respondent.*